**STATE of Missouri, Respondent,**

v.

**Charles BERBERICH, Appellant.**

**No. WD 56697.**

Missouri Court of Appeals,
Western District.

Dec. 5, 2000.

Rehearing Denied Jan. 30, 2001.

John R. Cullom, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before HOLLIGER, P.J.,
BRECKENRIDGE and SMART, JJ.

## ORDER

PER CURIAM.

A jury convicted Charles Berberich of seven counts of sodomy, § 566.060, RSMo Cum.Supp.1993, three counts of sexual abuse in the first degree, § 566.100, RSMo Cum.Supp.1993, one count of sexual abuse in the second degree, § 566.110, RSMo Cum.Supp.1993, two counts of statutory sodomy in the first degree, § 566.062, RSMo 1994, three counts of child molestation in the first degree, § 566.067, RSMo 1994, one count of attempted rape, § 566.030, RSMo Cum.Supp.1993, and one count of attempt to commit statutory rape in the first degree, § 566.032, RSMo 1994. Mr. Berberich was sentenced to a total aggregate sentence of 15 years' imprisonment. On appeal, Mr. Berberich claims that the trial court abused its discretion in allowing the prosecutor to ask certain questions on *voir dire* that he alleges required the jury panel to speculate on their own reactions to specific evidence, obligated the jurors to react in a specific manner and commit themselves to that reaction, and preconditioned the prospective jurors to the weaknesses in the prosecution's case. Second, he claims that the trial court committed reversible error in overruling his objection to the State's medical expert witness who was endorsed only one week before trial, thus prohibiting him from finding an expert to testify on his behalf and refute the testimony of the State's expert. Third, he argues that the trial court erred in failing to grant a mistrial after the State elicited testimony from one of its witnesses concerning collateral crimes and statements in which the witness called Mr. Berberich a "pervert" and "child molester." Finally, Mr. Berberich argues that the trial court erred in overruling his objections to certain questions asked of Mr. Berberich on cross-examination that allowed the State to comment on his post-arrest silence. Since a published opinion would have no precedential value, a memorandum has been provided to the parties.

The judgment of the trial court is affirmed. Rule 30.25(b).